## BRADSHAW *v.* ROGERS, 20 J. R. 735.
### In S. Ct. id. 103.

*Powers of Canal Commissioners to take Private Property.*

THIS was an action of trespass brought against the canal commissioners for taking possession of a turnpike road for the use of the Erie canal, without having previously made any compensation to the owner.

The canal commissioners, under the authority of the acts of April 7, 1816, and of April 16, 1817, relative to canals, which authorized them to enter upon and occupy any lands necessary for canal improvements, had in this case, taken part of a turnpike road for the use of the canal, and had made a new turnpike road for the company over the land of the plaintiff in the court below.

The Supreme Court held the proceedings of the canal commissioners indefensible, and the act unconstitutional so far as it authorized them to take private property for public use, without providing any compensation to the owner; and that trespass would lie against their agents for entering on the plaintiff's land under their authority for such purposes.

The Court of Errors unanimously held:

1. That the act was constitutional.

2. That the authority to take public roads, or alter or discontinue any part of a public road or highway, where it interferes with the proper location or construction of the canal applies to a *turnpike* road; it being in a popular and ordinary sense, a public *road or highway*.

3. That where it became necessary for the canal commissioners to occupy part of a turnpike road, they or their agents might lawfully enter upon the land of any person for the purpose of making a *new turnpike road* in its place.

4. That the act of April, 1817, providing compensation to

individuals for lands taken for the canals, extends to this case.

5. That though the party whose land is taken for public use, is entitled to compensation, yet that it would seem the canal commissioners or their agents are not liable as *trespassers* for entering upon and occupying land taken for the use of the canal, *before* compensation was made to the owner, though the act of April, 1820, under which they acted, contains no provision for making compensation; but, at all events, they were not liable in *trespass* to the party, as the act of April, 1817, providing for compensation to individuals for lands thus taken, extended to cases comprehended in the act of April, 1820, as well as to those arising under former acts.

Chancellor Kent, in delivering the opinion of the court, considers it exceedingly doubtful, even if there were no mode of compensation provided for by such a law, whether the *officers of the state acting under such a law*, could be made *trespassers*. "Perhaps," he says, "in certain cases the exercise of the power might be judicially restrained, until an opportunity was given to the party injured to seek and obtain the compensation. However," he adds, "it is not necessary to give any opinion on this point."

☞ A word upon this point may be permitted us. If an act plainly unconstitutional can protect those agents of the state or individuals employed to carry it into execution from all legal responsibility for violating the right of private property, what redress has the citizen at the hands of the tribunals of justice in such cases? On what ground could a court of equity interfere, that would not be equally recognized at law? If equity interfere, because the act is unconstitutional, in authorizing the taking of private property without first making compensation, is not a court of law bound also to declare that an act of the legislature can give no right to take private property without providing for compensation? What remedy would remain if trespass would not lie against the wrong doer, or ejectment against the tenant left in by him? If the first may justify his trespass under an unconstitutional act, why not the latter protect his possession by the same title?

It is true that Chancellor Kent disclaims giving any *opinion* on this point, but the bare intimation of a doubt deserves to be noted and condemned.

This question, so far as it regards the right of *private corporations* to enter upon and take lands for railroad purposes, under the sanction of 1 slative authority has since been presented to the Court of Errors in the case of *Bloodgood* v. *The Hudson and Mohawk Railroad Company*, 18 Wend. 1. That was also an action of trespass, *quare clausum fregit*, and the court held that a plea of the authority given the defendants by their act of incorporation, to enter and take lands for their road, was bad for not averring a satisfaction or tender of the damages sustained by the owner, or that they had taken all the steps prescribed by the act of incorporation for that purpose before entry, and the judgment of the Supreme Court to the same effect, was affirmed without hesitation.

In the case of *Lyon* v. *Jerome*, 26 Wend. 485, where an action of trespass was brought against the chief engineer of the canal commissioners, and he justified under their authority, although the circuit judge held the justification bad, because the evidence did not show any express authority of the canal commissioners to the engineer, and that they could not delegate their power, and the point therefore made by Chancellor Kent, in *Bradshaw* v. *Rogers*, was not expressly decided, yet the case is amply significant of what the decision would have been, if it had become necessary to adjudicate upon it. The only members of the court who delivered opinions, Chancellor Walworth, and Senator Verplanck, seem to entertain none of the doubts suggested by Chancellor Kent.

See *Waggoner* v. *Jermain*, 7 Hill, 357, and 1 Hill, 279.